UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BELLA KORYTNY,<br><br>    Plaintiff,<br><br>v.<br><br>MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY,<br><br>    Defendant. | Civil Action No. 24-4436 (BRM) (MAH)<br><br>OPINION and ORDER |

**HAMMER, United States Magistrate Judge**

This matter comes before the Court by way of this Court's August 19, 2025 Order to Show Cause and Plaintiff's response thereto. Order to Show Cause, D.E. 55; Response to Order to Show Cause, D.E. 56. Defendant filed a response to Plaintiff's response on August 28, 2025. Def. Response, D.E. 59. Pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1, the Undersigned has considered this matter on the papers. For the reasons below, the Undersigned discharges its Order to Show Cause. Further, Defendant's request for sanctions is denied.

**I.    BACKGROUND**

On April 1, 2024, Plaintiff, Bella Korytny ("Plaintiff"), filed a one-count breach of contract action against Defendant, Massachusetts Mutual Life Insurance Company ("MassMutual"), and on April 15, 2025, Plaintiff filed an Amended Complaint. Compl. D.E. 1; Am. Compl. D.E. 6. Plaintiff alleges that Defendant failed to pay her benefits under two individual disability policies and a policy related to business overhead expenses. Am. Compl., D.E. 6, ¶¶ 8-29. Plaintiff contends that she paid premiums for these policies.

She also asserts that she submitted to Defendant proper business and medical documentation to support her entitlement to benefits. *Id.* Thus, Plaintiff maintains that Defendant improperly denied certain claims to benefits. *Id.*

On July 16, 2025, the Court ordered Plaintiff to execute IRS 4506 and 4506T forms for tax years 2018 through 2024, and return the executed forms to Defense counsel by August 1, 2025.[1] Am. Sched. Order and Order on Disc. Disp., D.E. 52. Plaintiff failed to do so. On August 11, 2025, Defendant filed a letter seeking permission to file a motion for sanctions in accordance with Federal Rule of Civil Procedure 37(b). Ltr., D.E. 54. Plaintiff did not respond to Defendant's August 11, 2025 letter. Accordingly, on August 19, 2025, this Court entered an Order to Show Cause that directed Plaintiff to submit to Defendant the fully executed IRS Forms 4506 and Forms 4506T for AIC and the grantor trust for tax years 2018 through 2024 by August 25, 2025. Order to Show Cause, D.E. 55. This Court also ordered Plaintiff to show cause in writing by August 25, 2025, why the Court should not impose sanctions, including dismissal of the Complaint and/or monetary

---

[1] The Court and parties having addressed this issue on the record during the July 15, 2025 case-management conference. In part, the purpose of the July 15, 2025 case-management conference was to address MassMutual's July 3, 2025 letter, D.E. 49, which explained the relevance of the tax returns and that Plaintiff and her son, Vadim Korytny, had frustrated MassMutual's efforts to obtain them. In that letter, MassMutual asked the Court to compel production of the executed IRS Forms 4506 and 4506T, and to hold Vadim Korytny in contempt for failing to respond to a subpoena for the forms. During the July 15, 2025 conference, Plaintiff acknowledged the relevance of the tax returns and agreed to produce the executed forms. The Court also found during the conference that AIC's and the grantor trust's tax returns for 2018 through 2024 are relevant to Plaintiff's contention that MassMutual wrongly denied the Plaintiff's claim for business overhead expenses pursuant to an insurance policy that she held with MassMutual. Therefore, the Court set an August 1, 2025 deadline for Plaintiff to produce the executed forms, and MassMutual withdrew its contempt request as to Vadim Korytny. Am. Sched. Order and Order on Disc. Disp., July 16, 2025, D.E. 52.

fees and costs, for Plaintiff's failure to comply with her discovery obligations and this Court's Orders, pursuant to Federal Rules of Civil Procedure 16(f) and 37. *Id.*

On August 25, 2025, Plaintiff filed a response to the Order to Show Cause. Plaintiff's Response to Order to Show Cause, Aug. 25, 2025, D.E. 56. Plaintiff's counsel represented that Plaintiff had executed the forms and they had been sent to Defense counsel. *Id.* at 1. Plaintiff also asserted that sanctions are not appropriate because: (1) Plaintiff returned the executed forms to MassMutual; (2) the factors the Court must consider in determining whether and what sanctions are appropriate under *Poulis v. State Farm Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), do not weigh in favor of dismissal; and (3) any delays by Plaintiff are minimal compared to MassMutual's failure to make its Rule 30(b)(6) deposition designee available for deposition. Response to Order to Show Cause, D.E. 56, at 1. On August 28, 2025, MassMutual responded. MassMutual challenges Plaintiff's reasons for her delay in returning the executed forms, and argued that Plaintiff should have sought to enlarge the compliance period instead of ignoring deadlines and Court Orders. Def. Response, D.E. 59, 1-5. MassMutual asserts that dismissal is appropriate here even though Plaintiff has now returned the executed forms because Plaintiff intentionally disregard Court Orders and her discovery obligations.[2] *Id.* at 5.

---

[2] MassMutual also argues that Plaintiff's response to the Order to Show Cause lacks candor. MassMutual asserts that after the Court issued its July 16, 2025 Order directing Plaintiff to return the executed tax forms, Plaintiff's counsel reached out seeking to limit the years for which Plaintiff would return fully executed IRS Forms 4506 and Forms 4506T. MassMutual asserts that Plaintiff's counsel informed it that Plaintiff did not file any tax returns from 2021 to 2024. However, the Court need not weigh in on MassMutual's assertions and argument that Plaintiff lacked candor with the Court. This is a purely discovery issue, and whether or not Plaintiff filed tax returns in certain years is not an issue directly before this Court at this time. The Court will not weigh in on issues that are not before it. Instead, the Court will address whether sanctions

## II. DISCUSSION

Rules 16 and 37 of the Federal Rules of Civil Procedure authorize a court to sanction a party that fails to comply with a court order. Fed. R. Civ. P. 16(f)(1)(C). When a party violates such an order, the court may "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii)." Fed. R. Civ. P. 16(f)(1). Accordingly, Rule 37(b)(2)(A) provides that when a party fails to obey a court order or to provide or permit discovery, the court may "(iii) strik[e] pleadings in whole or in part; [or] . . . (vi) render[] a default judgment against the disobedient party[.]" Fed. R. Civ. P. 37(b)(2)(A). However, where a sanction may deprive a party of the right to proceed with or defend against a claim, courts must weigh the six factors articulated by the Third Circuit in *Poulis v. State Farm Casualty Co.,* 747 F.2d 863 (3d Cir. 1984) in deciding whether to strike a pleading or dismiss an action altogether. Specifically, the Court must consider: (1) the extent of the party's personal responsibility; (2) prejudice to the adversary; (3) history of dilatoriness; (4) willful or bad faith conduct of an attorney; (5) alternative sanctions; and (6) meritoriousness of the claims or defenses. *Id.* at 868. No single factor is dispositive, and dismissal may be appropriate even if some of the factors are not met. *See Hildebrand v. Allegheny Cty.*, 923 F.3d 128, 132 (3d Cir. 2019).

### i. The Extent of the Party's Personal Responsibility

The first *Poulis* factor weighs in favor of dismissal. Plaintiff's response to the Order to Show Cause is clear that the delay was caused because Plaintiff "is a sixty-six-year-old individual who is dealing with disabling conditions which severely limit her ability to complete seemingly simple tasks" and that although she is normally assisted by her son, he had been

---

are appropriate under *Poulis* even though Plaintiff has now returned to MassMutual fully executed IRS Forms 4506 and Forms 4506T.

traveling when she needed to execute and return the forms. Response to Order to Show Cause, D.E. 56, at 2. Accordingly, based on Plaintiff's own assertion, she is personally responsible for the delay in executing and returning the IRS forms. The Court is mindful, however, of Plaintiff's medical condition and that her son was unavailable. Accordingly, the first *Poulis* factor weighs marginally in favor of dismissal of Plaintiff's Complaint.

###    ii.    Prejudice to the Adversary

The Court must next consider whether Plaintiff's failure to timely return executed IRS Forms 4506 and Forms 4506T prejudiced MassMutual. Prejudice is not limited to irreparable harm, and may include depriving a party of necessary information or the ability to prepare for trial. *Clarke v Nicholson*, 153 Fed. Appx. 69, 73 (3d Cir. 2005) (citing *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222-24 (3d Cir. 2003) (finding that plaintiff's delay and failure to comply with discovery requests prejudiced defendant); *Porten v. Auto Zone*, No. 10-2629, 2011 WL 2038742, at *2 (D.N.J. May 24, 2011) (relying on *Clarke* and *Ware* to find prejudice to defendant and grant dismissal motion where plaintiff apparently abandoned claims). Here, Plaintiff's failure to timely return the executed IRS forms has not prejudiced MassMutual. As of August 21, 2025, Plaintiff returned the fully executed forms to MassMutual. The Court cannot find that a delay of twenty days prejudices MassMutual. To the extent that the delay requires extending time to complete discovery so as not to prejudice MassMutual, MassMutual can propose any necessary extension at the September 24, 2025 conference. Accordingly, this *Poulis* factor weighs against dismissing Plaintiff's Complaint.

###    iii.    History of Dilatoriness and Bad Faith

The third and fourth *Poulis* factors require the Court to consider the extent and history of

Plaintiff's dilatoriness and whether they have acted in bad faith. The Third Circuit has emphasized:

> Time limits imposed by the rules and the court serve an important purpose for the expeditious processing of litigation. If compliance is not feasible, a timely request for an extension should be made to the court. A history . . . of ignoring these time limits is intolerable.

*Poulis*, 747 F.2d at 868.

The Court finds that the third and fourth factors do not weigh in favor of dismissal of Plaintiff's Complaint. There is no evidence from which the Court can conclude that Plaintiff has a history of dilatoriness. Nor can the Court find that Plaintiff's conduct was in bad faith or willful. Instead, it is clear from the record before the Court that Plaintiff, who is suffering from some disabilities, required more time and assistance in complying with the Court's Order to return the fully executed IRS forms. That she took an additional three weeks to return them does not demonstrate a history of dilatoriness or bad faith. Plaintiff's counsel could have alerted MassMutual and the Court to the difficulties in obtaining the fully executed forms and sought more time to do so, but that failure alone does not amount to bad faith or willfulness. This is especially true in light of Plaintiff's disabilities. In any event, MassMutual received the fully executed forms only three weeks late. Accordingly, these factors do not weigh in favor of dismissal of Plaintiff's Complaint.

### iv. Alternative Sanctions

This factor also weighs against dismissal of Plaintiff's Complaint. While there are certainly other less severe sanctions than dismissal available, the Court can find no reason to impose any alternative sanctions at this time. The record reflects that both sides at times have required extensions of the schedule in this matter and the Court has readily granted those

requests to extend the deadlines. Fact discovery does not close until September 8, 2025, and the Court will entertain any extension request if reasonably necessary. Thus, while Plaintiff failed to return the executed forms by the deadline imposed by the Court, discovery remains open and MassMutual's Rule 30(b)(6) deposition designee has not yet been deposed. *See* Response to Order to Show Cause, D.E. 56, at 3. Under these circumstances, the Court cannot find it appropriate to impose alternative sanctions.

      v.    **Meritoriousness of the Claim or Defense**

Finally, the Court must consider the merits of the claim or defense. Here, however, discovery remains open and MassMutual's 30(b)(6) deposition designee has not yet been deposed, making it difficult to fully consider this factor. Therefore, this fact is at best neutral.

### III. CONCLUSION

On balance, the pertinent *Poulis* factors weigh against dismissing Plaintiff's Complaint. Accordingly,

**IT IS ORDERED** that this Court's August 19, 2025 Order to Show Cause is **DISCHARGED**. Defendant's request for sanctions is **DENIED.**

 

s/ Michael A. Hammer  
**UNITED STATES MAGISTRATE JUDGE**

**Date: September 3, 2025**